IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHERINE FOY and THOMAS FOY, Wife and Husband, | } } } | Civil Action No.: 02-CV-4705 |
| Plaintiffs, | } } | |
| v. | } } | |
| ABP Corporation, | } } | |
| Defendant. | } | |

**ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANT,
<u>ABP CORPORATION</u>**

Defendant, ABP Corporation, by and through its counsel, and for its Answer with Affirmative Defenses to Plaintiffs' Complaint, does aver as follows:

1. Denied, as, after reasonable investigation, defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these allegations.

2. Denied as conclusions of law to which no responsive pleading is required. By way of further response, defendant, ABP Corporation, a Delaware corporation with a principal place of business in Boston, Massachusetts.

3. Admitted in part and denied in part. It is admitted only that defendant, ABP Corporation, operates a bakery cafe located at 30th Street Station, Philadelphia, Pennsylvania. The balance of the allegations in the corresponding paragraph of plaintiff's Complaint are denied.

554430.1

4. Denied as conclusions of law to which no responsive pleading is required. By way of further response, to the extent that facts are alleged in the corresponding paragraph of plaintiff's Complaint, same are denied.

5. Denied as conclusions of law to which no responsive pleading is required. By way of further response, to the extent that facts are alleged in the corresponding paragraph of plaintiff's Complaint, same are denied.

6. Denied as conclusions of law to which no responsive pleading is required. By way of further response, to the extent that facts are alleged in the corresponding paragraph of plaintiff's Complaint, same are denied.

7. Denied as conclusions of law to which no responsive pleading is required. By way of further response, to the extent that facts are alleged in the corresponding paragraph of plaintiff's Complaint, same are denied.

8. Denied as conclusions of law to which no responsive pleading is required. By way of further response, to the extent that facts are alleged in the corresponding paragraph of plaintiff's Complaint, same are denied.

9. Denied as conclusions of law to which no responsive pleading is required. By way of further response, to the extent that facts are alleged in the corresponding paragraph of plaintiff's Complaint, same are denied.

**COUNT I**
**Catherine Foy v. ABP Corporation**

10. Defendant reincorporates by reference its pleadings set forth hereinabove as though the same were set forth herein at length.

11-17. Denied as conclusions of law to which no responsive pleading is required. By way of further response, to the extent that facts are alleged in the corresponding paragraph of plaintiff's Complaint, same are denied.

WHEREFORE, defendant, ABP Corporation, demands judgment in its favor, and against plaintiffs, together with recovery of its costs, attorneys' fees, and such other relief as the Court may deem appropriate.

## COUNT II
### Thomas Foy v. ABP Corporation

18. Defendant reincorporates by reference its pleadings set forth hereinabove as though the same were set forth herein at length.

19. Denied as conclusions of law to which no responsive pleading is required. By way of further response, to the extent that facts are alleged in the corresponding paragraph of plaintiff's Complaint, same are denied.

WHEREFORE, defendant, ABP Corporation, demands judgment in its favor, and against plaintiffs, together with recovery of its costs, attorneys fees, and such other relief as the Court may deem appropriate.

### AFFIRMATIVE DEFENSES

20. Defendant, ABP Corporation, reincorporates by reference its pleading set forth herein above as though the same were set forth herein at length

### FIRST AFFIRMATIVE DEFENSE

554430.1

21. The injuries and damages alleged to have been sustained by plaintiff were not directly or proximately caused by answering defendants.

## SECOND AFFIRMATIVE DEFENSE

22. The injuries and damages alleged to have been sustained by plaintiffs were caused solely by the negligence, recklessness and carelessness of other persons and/or entities, known and/or unknown to answering defendants, and over whom/which answering defendants had no control.

## THIRD AFFIRMATIVE DEFENSE

23. Plaintiffs' claims against answering defendant are barred and/or limited by the Doctrine of Comparative Negligence, and it is averred that the negligence of the plaintiff -wife is greater than the alleged negligence, if any, of answering defendant, which alleged negligence of answering defendants is expressly denied.

## FOURTH AFFIRMATIVE DEFENSE

24. Plaintiffs' Complaint fails to state a claim upon which relief may be granted against answering defendant.

## FIFTH AFFIRMATIVE DEFENSE

25. The injuries and/or damages alleged to have been sustained by plaintiffs in this action are not in any manner the result of any act and/or omission of an answering defendant. On the contrary, plaintiffs' injuries and/or damages, as alleged, if any, were caused by the negligence, carelessness and/or recklessness and breaches of duty and unsafe conduct of plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

26. The injuries and/or damages allegedly suffered by plaintiffs are the result of and

554430.1

were proximately caused by the negligence of plaintiff-wife and/or others over whom/which answering defendant had no control.

### SEVENTH AFFIRMATIVE DEFENSE

27. If plaintiffs did, in fact, incur any injuries, they incurred same as the result of the negligence, and improper, abnormal and unforeseeable conduct, carelessness and/or recklessness of the plaintiff-wife.

### EIGHTH AFFIRMATIVE DEFENSE

28. Plaintiffs have no right of recovery against answering defendant because plaintiffs' alleged injuries were caused by the negligence of the plaintiff-wife and/or the negligence of others over whom/which answering defendants had no control or right of control.

### NINTH AFFIRMATIVE DEFENSE

29. Plaintiffs have no right of recovery against answering defendant because there was no accumulation of liquid with respect to which answering defendant owed a legal duty to plaintiffs to prevent and/or abate in view of the conditions prevailing at the date time and place of the alleged accident.

### TENTH AFFIRMATIVE DEFENSE

30. Plaintiff-wife's alleged medical condition and injuries from which plaintiffs' claims allegedly arise pre-existed the accident at issue in this litigation.

### ELEVENTH AFFIRMATIVE DEFENSE

31. Plaintiffs have failed to mitigate their alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE

32. Plaintiffs failed to perfect their claims within the applicable statute of limitations.

554430.1

**WHEREFORE**, defendant, ABP Corporation, demands judgment in its favor, and against plaintiffs, together with recovery of its costs, attorneys' fees, and such other relief as the Court may deem appropriate.

                                      Respectfully submitted,

                                      HARVEY, PENNINGTON, CABOT,
                                      GRIFFITH & RENNEISEN, LTD.

                                  By: _____
                                        Melissa Lang
                                        Counsel for Defendant,
                                        ABP Corporation